# BARTHELS MANUFACTURING COMPANY *v.* UNITED LACE & BRAID MANUFACTURING COMPANY.*

TRADEMARKS; DESCRIPTIVE WORDS; SIMILARITY OF MARKS.

1. Whether the word "Beaded," as applied to shoe and other laces containing metal tips of a novel construction, is merely descriptive, and hence not registerable as a trademark, or whether it is merely suggestive, and therefore registerable,—*quære.*

2. The words "Beaded" and "Nu-B-Ded," as applied to metal tips for shoe and other laces, are sufficiently similar to be likely to cause confusion in trade when so applied.

No. 957. Patent Appeals. Submitted January 14, 1915. Decided February 1, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents granting a petition to cancel the registration of a trademark.                                    *Affirmed.*

The facts are stated in the opinion.

---

*Trademarks—Similarity.*—For authorities passing upon the right to use a word substantially similar to that used by another, as trademark or tradename, as affected by differences in appearance in other respects, see note in 12 L.R.A. (N.S.) 729.

*Mr. Arthur V. Briesen, Mr. Fred A. Klein,* and *Mr. Hans V. Briesen* for the appellant.

*Mr. Ellis Spear, Jr., Mr. Eliot G. Parkhurst,* and *Mr. Eugene A. Kingman* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Commissioner of Patents canceling appellant's registration of the word "Nubded" on the petition of the appellee, United Lace and Braid Manufacturing Company.

On March 17, 1903, there was issued patent No. 722,902, covering a novel construction of metal tips for the ends of shoe and other laces, "whereby a portion of the sheet metal of the tip is forced inward from the opposite sides to lock the same to the lace at points offset to one side and not opposite to each other." In the specification and claims the ridges of these tips are called "crimps." Since 1905 the appellee has manufactured laces under this patent, which it has extensively advertised and sold under the mark "Beaded," and the evidence shows that these laces have become known to the trade as "Beaded Tip" laces.

On March 7, 1912, there was filed an application for letters patent on a slightly different form of metal tips for lacings, and on June 9, 1914, patent No. 682,300 was issued thereon. In the specification and claims of this patent the ridges of the tip are said to be formed by "corrugating" or "crimping" the metal. In 1912 appellant, Barthels Manufacturing Company, manufactured lacings under this patent, which it sold under the mark "Nubeaded." On July 20th of that year it filed an application for registration of "Nubded," and the use of the prior mark was then discontinued. As soon as "Nubded" was registered, appellant applied it to its laces in a hyphenated form; in other words, as "Nu-B-Ded," and has since used the mark in that form.

Whether, as contended by appellant, the word "Beaded" as used is descriptive, and hence not susceptible of exclusive ap-

propriation by the appellee, or whether, as contended by appellee, it is merely suggestive, and therefore subject to such appropriation, we need not stop to inquire, for if it is descriptive, "New Beaded," or, as the appellant spells it, "Nu-B-Ded," is equally so, and hence not registerable. If "Beaded" is merely suggestive, appellant is not entitled to registration, since "Beaded" and "Nu-B-Ded," are sufficiently similar as to be likely to cause confusion in trade when applied to goods of the same descriptive properties. Inasmuch as appellee would be damaged in either event, it is entitled to be heard in this proceeding.

Decision affirmed.                    *Affirmed.*